**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CGS INDUSTRIES, INC., a Florida corporation, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>THE CHARTER OAK FIRE INSURANCE )<br>COMPANY, a Connecticut corporation, )<br>)<br>Defendant. )<br>)<br>)<br>_____ ) | CASE NO.:  CV10-3186 JBW (JO)<br><br>Hon. Jack B. Weinstein<br><br><br>**STATEMENT OF MATERIAL**<br>**FACTS IN SUPPORT OF**<br>**PLAINTIFF'S MOTION FOR**<br>**SUMMARY JUDGMENT AS TO**<br>**LIABILITY ON DEFENDANT'S**<br>**DUTY TO DEFEND** |

## STATEMENT OF MATERIAL FACTS

### The Parties, Jurisdiction, and Venue

1. CGS Industries Inc. ("CGSI") is a Florida corporation headquartered in Long Island City, New York and a citizen of Florida and New York.[1]

2. Defendant The Charter Oak Fire Ins. Co. ("Charter Oak") is a Connecticut corporation headquartered in Hartford, Connecticut and a citizen of Connecticut.[2]

3. CGSI purchased the Charter Oak policy in dispute here from its insurance broker, Tanenbaum-Harber Co. Inc. in New York, New York.[3]

4. CGSI performed its obligations under the policy by making policy premium payments from Long Island City, New York.[4]

5. The policy was delivered to CGSI in New York.[5]

6. As a result of Charter Oak's denial of coverage of the *Five Four Clothing, Inc., et al. v. CGS Industries, Inc. et al.,* Case No. CV 09-9431 GW (CWx), United States District Court for the Central District of California action (the "*Five Four* action"), CGSI has had to defend the *Five Four* action at its own expense. Those expenses have exceeded $75,000.[6]

### The Charter Oak Policy

7. On August 7, 2009 Charter Oak Fire Ins. Co. ("Charter Oak") issued a Commercial Insurance policy, No. Y-630-3322B071-C0F-09 ("the Policy") to CGSI, the named insured.[7]

---

[1] Declaration of Lenny Braun ("Braun Decl.") ¶ 3.
[2] CGSI's Request for Judicial Notice ("RJN") p. 1 and **Exhibit "13."**
[3] Braun Decl., ¶ 5.
[4] Braun Decl., ¶ 6.
[5] Braun Decl., ¶ 7.
[6] Braun Decl., ¶11.
[7] Braun Decl. ¶ 4, **Exhibit "1,"** Declarations p. 1 of 2.

8. The Policy covers the period August 31, 2009 through August 31, 2010.[8]

9. The Policy includes Commercial General Liability coverage,[9] amended and superseded by the Policy's "Web Xtend Liability" endorsement (the "Endorsement").[10] The Endorsement "delete[s] in its entirety" the policy's "**Coverage B Personal and Advertising Injury Liability**" coverage provisions and replaces them with its own provision.[11]

10. The Endorsement provides in pertinent part:

> **COVERAGE B. PERSONAL INJURY, ADVERTISING INJURY AND WEB SITE INJURY LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury," "advertising injury" or "web site injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.
> . . . .
> **b.** This insurance applies to: . . .
>
> **(2)** "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;
> . . . .
> but only if the offense was committed in the "coverage territory" during the policy period.
> . . . .
> **2. Exclusions**
>
> This insurance does not apply to:
>
> **a. Knowing Violations of Rights of Another**
>
> "Personal injury", "advertising

---

[8] Braun Decl., ¶ 4, **Exhibit "1,"** Declarations p. 1 of 2.

[9] Braun Decl., ¶ 4, **Exhibit "1,"** Declarations p. 1 of 2.

[10] Braun Decl., ¶ 4, **Exhibit "1,"** Web Xtend Liability Endorsement.

[11] Braun Decl., ¶ 4, **Exhibit "1,"** Web Xtend Liability Endorsement pp. 1-2, 4-5 of 5.

              injury" or "web site injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal injury," "advertising injury" or "web site injury."

. . . .

    **b.**    **Material Published With Knowledge of Falsity**

              "Personal injury", "advertising injury", or "web site injury" arising out of oral, written, or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity.

    **c.**    **Material Published Prior to Policy Period**

              "Personal injury," "advertising injury" or "web site injury" arising out of oral, written or electronic publication of material whose firt publication took place before the beginning of the policy period.

    **d.**    **Criminal Acts**

              "Personal injury," "advertising injury" or "web site injury" arising out of a criminal act committed by or with the consent of the insured.

. . . .

    **k.**    **Unauthorized Use of Another's Name or Product**

              "Personal injury, "advertising injury" or "web site injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar activities that mislead another's potential customers.

. . . .

**SECTION V – DEFINITIONS**

"Advertising injury" means injury, arising out of one or more of the following offenses:

. . . .

    **c.**    Infringement of copyright, title or slogan, provided that claim is made or "suit" is brought by a person or organization claiming ownership in such right,

title or slogan.

**The *Five Four* Suit**

11.     Five Four Clothing, Inc. and FiveFour Group LLC (collectively "Five Four") commenced the *Five Four* action on December 23, 2009.[12]

12.     Five Four filed its Second Amended Complaint ("SAC") in the *Five Four* action on March 24, 2010.[13] CGSI is a named defendant in the SAC.[14]

13.     The SAC alleges the following relevant facts:

> 3.  This action arises out of wrongful acts, **including advertising**, offering for sale, selling and distributing products by Defendants…
>
> 4. Plaintiff Five Four Clothing, Inc. is a company organized and existing under the laws of the State of California with a corporate office and principle place of business in Los Angeles, California.
>
> . . . .
>
> 12. Five Four has grown from a line of six basic tees to a full collection of over 150 styles of clothing which include, but are not limited to, shirts, jackets, jeans, and sweaters.
>
> 13. The Five Four brand embodies the spirit of modern culture.  Through its progressive designs and modern aesthetic, the collection reflects the essence of a brand without boundaries.
>
> . . . .
>
> 17. Through longstanding use, advertising and registration, the Five Four Marks have achieved a high degree of consumer recognition and constitute famous marks.
>
> . . . .
>
> 20.  Five Fours' Marks are highly recognized by the public and serve to identify the source of the goods as from Five Four.

---

[12] Braun Decl., ¶ 8, **Exhibit "2."**

[13] Braun Decl., ¶ 10, **Exhibit "4."**

[14] *Id*.

. . . .

24. Five Four's most well recognized denim products are those bearing the "FF" Design, which features its original one of a kind "FF" logo…on the pockets in an assortment of different sizes, patterns, and colors.

. . . .

28. Due to its long use, extensive sales, and significant advertising and promotional activities, Five Four's "FF" Design has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

. . . .

36. Defendants are not authorized by Five Four to…**advertise**…merchandise bearing the Five Four Marks.

. . . .

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

. . . .

40. Defendants' unauthorized use of the Five Four Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of the same quality as that assured by the Five Four Marks.

. . .

42. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

. . . .

44. Defendants' acts violate the Lanham Act.

45. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to its business and reputation…

. . . .

> **SECOND CLAIM FOR RELIEF**
> (Trade Dress Infringement)
>
> . . . .
>
> 53. Defendants' unauthorized use of the "FF" Design on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.
>
> . . . .
>
> 55. Defendants' use of the "FF" Design is likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.[15]

14. The term "advertising" is not defined in the policy.[16]

**Charter Oak's Denial of Defense**

15. CGSI provided Charter Oak with written notice of the *Five Four* action.[17]

16. Charter Oak denied a defense of the *Five Four* action on February 18, 2010.[18]

17. In response, CGSI explained its position and requested that Charter Oak reconsider its denial by letter dated February 26, 2010.[19]

18. By letter dated March 15, 2010 Charter Oak acknowledged receipt of CGSI's request for reconsideration and indicated that it would respond shortly.[20]

19. Before receiving a response, CGSI notified Charter Oak of the SAC filed in the

---

[15] Braun Decl., ¶ 10, **Exhibit "4."**

[16] Braun Decl., ¶ 4, **Exhibit "1."**

[17] Braun Decl., ¶ 13, **Exhibit "11."**

[18] Braun Decl., ¶ 14, **Exhibit "5."**

[19] Declaration of Bruce A. McDonald ("McDonald Decl."), ¶ 3, **Exhibit "7."**

[20] McDonald Decl., ¶ 4, **Exhibit "7."**

*Five Four* action by letter dated April 13, 2010.[21]

20.     On April 16, 2010 Charter Oak acknowledged, by letter, receipt of the SAC and indicated that it was forwarded to the home office for review by the legal department.[22]

21.     By letter dated April 24, 2010, Charter Oak again denied coverage of the *Five Four* action and specifically of the SAC.[23]

Dated:  August 9, 2010                          /s/ David A. Gauntlett

David A. Gauntlett *[Pro Hac Vice]*
Andrew M. Sussman *[Pro Hac Vice]*
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, CA  92612
Telephone:  (949) 553-1010
Facsimile:   (949) 553-2050
info@gauntlettlaw.com
ams@gauntlettlaw.com

**LOCAL COUNSEL:**

Eugene Killian, Jr. (EK 9972)
THE KILLIAN FIRM, P.C.
14 Wall Street, 20th Floor
New York, NY 10005
Telephone:  (212) 618-1409
Facsimile:  (212) 618-1705
          -and-
555 Route 1 South, Suite 430
Iselin, NJ  08830
Telephone:  (732) 912-2100
Facsimile:   (732) 912-2101
ekillian@tkfpc.com

Attorneys for Plaintiff
CGS Industries, Inc.

---

[21] McDonald Decl., ¶ 5, **Exhibit "8."**

[22] McDonald Decl., ¶ 6, **Exhibit "9."**

[23] McDonald Decl., ¶ 7, **Exhibit "10."**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2010, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Lawrence A. Levy (LAL 3182)
Celeste M. Butera (CB 5659)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, NY 11556-0926
Telephone:  (516) 357-3000
Facsimile:   (516) 357-3333
larrylevy@rivkin.com
celeste.butera@rivkin.com

Attorneys for Defendant
The Charter Oak Fire Insurance Company

    /s/ David A. Gauntlett

David A. Gauntlett *[Pro Hac Vice]*
Andrew M. Sussman *[Pro Hac Vice]*
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:  (949) 553-1010
Facsimile:   (949) 553-2050
info@gauntlettlaw.com
ams@gauntlettlaw.com

**LOCAL COUNSEL:**

Eugene Killian, Jr. (EK 9972)
THE KILLIAN FIRM, P.C.
14 Wall Street, 20th Floor
New York, NY 10005
Telephone:  (212) 618-1409
Facsimile:  (212) 618-1705
    -and-
555 Route 1 South, Suite 430
Iselin, NJ  08830
Telephone:  (732) 912-2100
Facsimile:   (732) 912-2101
ekillian@tkfpc.com

Attorneys for Plaintiff
CGS Industries, Inc.