**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CGS INDUSTRIES, INC., a Florida corporation, ) | CASE NO.:  CV10-3186 JBW (JO) |
| ) | |
| Plaintiff, ) | Hon. Jack B. Weinstein |
| ) | |
| vs. ) | **PLAINTIFF'S REPLY** |
| ) | **MEMORANDUM OF LAW IN** |
| THE CHARTER OAK FIRE INSURANCE ) | **SUPPORT OF MOTION FOR** |
| COMPANY, a Connecticut corporation, ) | **SUMMARY JUDGMENT** |
| ) | |
| Defendant. ) | Date:          October 18, 2010 |
| ) | Time:         10:00 a.m. |
| ) | Courtroom:  10B S |
| _____ ) | |

## I.   CHARTER OAK'S REPLY ADDS NOTHING OF SUBSTANCE TO ITS PRIOR ARGUMENTS AND AUTHORITIES

Implicitly but inaccurately reasoning that repetition enhances persuasion, Charter Oak's opposition [Docket No. 25] to CGSI's summary judgment motion re-hashes the same points and legal authorities argued in its substantively-identical memorandum of law supporting its motion for judgment on the pleadings.[1]   [Docket No. 22]   The Court would have been less burdened had Charter Oak just referenced those arguments and evidence as its opposition to CGSI's motion.

CGSI declines to increase the Court's burden with a reply brief of equivalent length and repetition. Except for a few paragraphs below (addressing two new cases referenced in Charter Oak's opposition) CGSI's reply points and authorities are those incorporated by reference here from its memoranda of law supporting its summary judgment motion [Docket No. 11] and its opposition [Docket No. 26] to Charter Oak's motion.

Charter Oak's only newly-offered reply cases are: *Northville Industries*[2] and *Hosel*,[3] string-cited without analysis to argue that the extrinsic evidence Charter Oak offers is admissible "to confirm or clarify the nature of the underlying claims." [Docket No. 25, p. 25]   Neither case supports the argument.   *Northville* held the policy's continuous pollution exclusion barred a defense because: (1) the underlying complaint failed to allege facts to establish (or from which an inference could be drawn) that there had been a covered "abrupt, environmentally significant discharge of pollutants:" and (2) an underlying affidavit contained facts establishing non-covered "continuous" pollution by seepage.

But *Northville* did not state or suggest that the affidavit "confirmed" the "nature of the underlying claims" (nor could it, since nothing a defendant states in an affidavit can clarify what a plaintiff means by its claims), or that the absence of "sudden" or "accidental" facts pled in the

---

[1] *In re Sulfuric Acid Antitrust Litigation*, 910 F.Supp.2d 910, 921 (N.D. Ill. 2006) ("Judges have limited time to devote to any given case, and when that time is expended unnecessarily all other cases that compete for that scarcest of judicial resources are adversely and unfairly affected.")

[2] *Northville Industries Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 N.Y.2d 621, 635, 657 N.Y.S.2d 564, 569 (1997).

[3] *Hosel & Anderson, Inc.* v. *ZV II, Inc.*, No. 00 CIV. 6957 (LAK), 2001 WL 392239 at *2 (S.D.N.Y. March 21, 2001).

underlying complaint required enhancement by the insured's affidavit so the Court could understand what it alleged and, based thereon, deny a defense.

*Hosel* is similarly inapposite. There, the insured was sued for infringement of copyrighted fabric design by means that included advertising. The Court denied an "advertising injury" defense because although "infringement of copyright . . . in your 'advertisement'" was a covered offense the underlying complaint's facts did not include an 'advertisement' as the Court narrowly and inappropriately understood the term. In so ruling *Hosel* cited *Northville* without analysis or comment to note in *dictum*: "[A] court may look also to admissions in the insured's submissions 'to confirm or clarify the nature of the underlying claims.'" *Id*. at *2. But *Hosel* neither mentioned nor relied on "admissions" from the underlying lawsuit or any extrinsic evidence to reach its result.

The *Hosel* Court instead cited only the insured's *Hosel* reply brief, which argued that garments the insured made with the infringing fabric designs "were their own advertisements." *Hosel* rejected the argument because it did not square with its own apparently narrow (but non-articulated) view of what an "advertisement" may and may not be as understood by a reasonable insured. *Id*.

*Hosel* reached this result because according to *Advance Watch*[4] and "every case the parties have cited that has dealt with the question" (*id*.) a copyright-infringed product cannot be its own advertisement. But it might well have reached a different result if the *Hosel* insured had briefed cases such as *Kirk, King* and *Bear Wolf*,[5] cited by CGSI [Docket No. 26, p. 17, fn. 78],

---

[4] *Advance Watch Co. v. Kemper Nat. Ins. Co.*, 99 F.3d 795, 807 (6th Cir. (Mich.) 1996), discredited and not followed by a plethora of cases nationwide (including by states within the Sixth Circuit whose law *Advance Watch* purported to apply), as discussed in detail in CGSI's opposition to Charter Oak's motion. [Docket No. 26, pp. 14-16 and 20]

[5] *Kirk King, King Constr., Inc. v. Continental Western Ins. Co*., 123 S.W.3d 259 (Mo. Ct. App. 2003) ("Advertising" of infringing home designs by display of model homes built to design specifications triggers "advertising injury" offense.);

*Bear Wolf, Inc. v. Hartford Ins. Co.,* 819 So. 2d 818 (Fla. Dist. Ct. App. 2002) ("Advertising" of cigar-shaped lighter by trade show display of same triggers the offense.).

in which the display of a product that embodied the infringed intellectual property was held to be an "advertisement," requiring a defense.

*Hosel* also is distinguishable because Five Four's quarrel is not with the design of a "product" (the jeans themselves), but with a design affixed to the back pocket of the jeans. *Hosel* did not address whether something affixed to a product, displayed on the product, is potentially an "advertisement" within the meaning of an insurance policy.

## II.   CONCLUSION

CGSI has established that Charter Oak owes and has breached its duty to defend CGSI in the *Five Four* lawsuit.  The *Five Four* Complaint alleges facts that potentially trigger the policy's distinct covered "advertising injury" offenses of "infringement of slogan" and "infringement of title."  If the Court finds the *Five Four* allegations trigger either offense, a defense is owed. CGSI has also shown that Five Four's facts implicate CGSI's alleged commission of these policy offenses "in the course of advertising."

As with its motion for judgment on the pleadings, here too Charter Oak has not met its burden of proving there is no possibility of coverage "in all possible worlds" by showing any exclusion unavoidably bars a defense.  Three asserted exclusions ("First Publication," "Knowing Violation" and "Knowledge of Falsity") could bar indemnity depending on the *Five Four* suit's outcome but as a matter of law cannot bar a defense which depends merely on potential coverage.

Charter Oak's extrinsic evidence is inadmissible and does not contain judicial admissions of any fact binding CGSI in this lawsuit.  Charter Oak's "prior publication" arguments are particularly meritless because Charter Oak provided identical relevant coverage under a predecessor policy whose term included the sales mentioned in CGSI's Five Four suit's declaration.

Any evidence, or factual or legal "arguments," that Charter Oak may raise for the first time in its reply supporting its motion for judgment on the pleadings (to be filed concurrently with this reply) should be disregarded.[6]

The Court should rule that Charter Oak owes and has breached its duty to defend CGSI in the *Five Four* lawsuit.

Dated:  October 5, 2010                                    /s/ David A. Gauntlett

**LOCAL COUNSEL:**                         David A. Gauntlett *[Pro Hac Vice]*
Eugene Killian, Jr. (EK 9972)              Andrew M. Sussman *[Pro Hac Vice]*
THE KILLIAN FIRM, P.C.                     GAUNTLETT & ASSOCIATES
14 Wall Street, 20th Floor                 18400 Von Karman, Suite 300
New York, NY 10005                         Irvine, CA  92612
Telephone:  (212) 618-1409                 Telephone:  (949) 553-1010
Facsimile:  (212) 618-1705                 Facsimile:   (949) 553-2050
*-and-*                                    info@gauntlettlaw.com
555 Route 1 South, Suite 430               ams@gauntlettlaw.com
Iselin, NJ  08830
Telephone:  (732) 912-2100
Facsimile:  (732) 912-2101
ekillian@tkfpc.com

Attorneys for Plaintiff
CGS Industries, Inc.

---

[6] *Matera v. Native Eyewear, Inc.*, 355 F.Supp.2d 680, 682-683 (E.D.N.Y. 2005) (refusing to consider affidavits setting forth facts and arguments provided for first time in reply supporting motion to change venue), citing *Knipe v. Skinner*, 999 F.2d 708, 711(2d. Cir. 1993) ("Arguments may not be made for the first time in a reply brief.")

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2010, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Lawrence A. Levy (LAL 3182)
Celeste M. Butera (CB 5659)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, NY 11556-0926
Telephone:  (516) 357-3000
Facsimile:  (516) 357-3333
larrylevy@rivkin.com
celeste.butera@rivkin.com

Attorneys for Defendant
The Charter Oak Fire Insurance Company

                                          /s/ David A. Gauntlett

**LOCAL COUNSEL:**                          David A. Gauntlett *[Pro Hac Vice]*
Eugene Killian, Jr. (EK 9972)              Andrew M. Sussman *[Pro Hac Vice]*
THE KILLIAN FIRM, P.C.                     GAUNTLETT & ASSOCIATES
14 Wall Street, 20th Floor                 18400 Von Karman, Suite 300
New York, NY 10005                         Irvine, CA  92612
Telephone:  (212) 618-1409                 Telephone:  (949) 553-1010
Facsimile:  (212) 618-1705                 Facsimile:  (949) 553-2050
*-and-*                                    info@gauntlettlaw.com
555 Route 1 South, Suite 430               ams@gauntlettlaw.com
Iselin, NJ  08830
Telephone:  (732) 912-2100
Facsimile:  (732) 912-2101
ekillian@tkfpc.com

Attorneys for Plaintiff
CGS Industries, Inc.